# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CRAIG MOSS**

      **Plaintiff,**

**v.**                        **Case No.: _____**

**FLORIDA DEPARTMENT OF
CORRECTIONS**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff, CRAIG MOSS, sues Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and alleges:

## NATURE OF THE ACTION

1.    This is an action for legal relief to redress unlawful practices at the Florida Department of Corrections. This action is brought to secure the protection of and to redress the deprivation or rights secured by the Americans with Disabilities Act of 1990 ("ADA"), as amended (42 U.S.C. 12101, *et seq.*) Florida's Worker's Compensation Law (Fla. Stat. 440.205), and the Florida Civil Rights Act (Chapter 760, Fla. Stat.).

## JURISDICTION

2.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1343 because Plaintiff's claims arise under the civil rights laws of the United States and 28 U.S.C. § 1367 because all other claims are so related as to form the same case or controversy.

3.     This Court has personal jurisdiction over the parties to this action because Plaintiff subjects himself to this Court's jurisdiction and because Defendants committed the civil rights violations and tortious acts at issue herein in this state.

## VENUE

4.     Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district of this Court, and Defendants are subject to the Court's personal jurisdiction with respect to this civil action.

## PARTIES

5.     Plaintiff, CRAIG MOSS, is domiciled in Wakulla County, Florida. Plaintiff is a member of a protected class because he engaged in statutorily protected activity and was subjected to retaliation thereafter. Plaintiff is also a member of a protected class because of his handicap.

2

6.     At all times material, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS ("FDC"), has been a state prison system actively operating in the State of Florida with its primary office located in Tallahassee, Leon County, Florida. At all times material Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

7.     Plaintiff has satisfied all conditions precedent to bringing this action in that he filed a charge of discrimination with the Equal Employment Opportunity Commission, and received a notice of right to sue letter concerning his charge, which is attached hereto as Exhibit "A." This action is timely brought thereafter. Additionally, Plaintiff has provided notice of its state claims to the extent required by Fla. Stat. § 768.28(6).

## STATEMENT OF THE ULTIMATE FACTS

8.     Plaintiff began his employment with Defendant on or about January 28, 2022, as a Senior Chaplain working first at the Franklin Correctional Institution and then at the Wakulla Correctional Institution ("WCI") before being unlawfully terminated on or about November 4, 2022, as described more fully herein.

9.     On or about October 7, 2022, Plaintiff opposed Defendant's unlawful employment practices by objecting to an erroneous Gain Time Report for September

2022. Specifically, Plaintiff represented to Defendant that he would not sign off on the Gain Time Report because it reflected an inmate receiving gain time for teaching a class that the inmate did not teach. In response to Plaintiff's opposition, Defendant instructed Plaintiff to sign the Gained Time Report anyway.

10.    In further response to Plaintiff's opposition to Defendant's unlawful employment practices, on October 10, 2022, Plaintiff's superior, Melissa Comerford, Assistant Warden of Programs, instructed Plaintiff to complete an incident report *on himself* by October 17, 2022, for failing to follow her instructions to sign off on the September 2022 Gain Time Report.

11.    On October 17, 2022, Plaintiff completed an incident report on himself solely pursuant to Ms. Comerford's directive and submitted it to Defendant. In his self-report Plaintiff re-stated the previous incident, including that he was being instructed to sign his name to an erroneous Gain Time Report.

12.    On October 19, 2022, Plaintiff was identified as the subject of an incident report alleging that he attempted to intentionally bring contraband (his personal cell phone) into WCI. In fact, Plaintiff did nothing of the sort and the incident report was instead manufactured by Defendant in retaliation of Plaintiff's opposition to Defendant's unlawful employment practices.

13.    On October 24, 2022, Defendant disciplined Plaintiff by issuing him a Record of Counseling for his alleged failure to follow oral or written instructions

and substandard quality of work, specifically, his failure to complete the Gain Time Report as instructed on October 7, 2022. Defendant's basis for the Record of Counseling further evinces Defendant's retaliation of Plaintiff following his opposition to Defendant's unlawful employment practices.

14.    On November 2, 2022, Plaintiff suffered stroke symptoms at work including due to job-related stress and presented to Tallahassee Memorial Hospital ("TMH"), where he was admitted overnight to the Neurology/Neurosurgery floor.

15.    Upon Plaintiff's discharge from TMH on November 3, 2022, he submitted to Defendant a certification document from TMH confirming his admission there from November 2 – 3, 2022, and directing under doctor's orders that Plaintiff remain home and not resume work until November 17, 2022.

16.    After submitting the certification documentation to Defendant on November 3, 2022, Defendant directed Plaintiff to apply for worker's compensation and a completed worker's compensation application for Plaintiff was received by Defendant that same day, November 3, 2022.

17.    Notwithstanding the foregoing, effective at 11:59 p.m. on November 4, 2022, Defendant terminated Plaintiff's employment based on alleged willful violations of rules and procedures; and failure to maintain the proper security and welfare of the institution. However, Defendant's stated reason(s) for terminating Plaintiff was mere pretext for Plaintiff's unlawful termination, as alleged herein.

5

18.    Plaintiff has retained the undersigned to represent him in this action and is obligated to pay him a fee for his services. Defendant should be made to pay that fee pursuant to the applicable statutes at issue herein.

**COUNT I**
**DISCRIMINATION AND FAILURE TO ACCOMMODATE**
**IN VIOLATION OF THE AMERICANS**
**WITH DISABILITIES ACT**

19.    Plaintiff incorporates and realleges paragraphs 1-18.

20.    At all times material, there was in full force and effect the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), which prohibits a "covered entity" from discriminating against a "qualified individual on the basis of a disability in regard to . . . discharge of employees, . . . and other terms, conditions, and privileges of employment."

21.    The prohibition against discriminating expressly includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability. . ."

22.    Defendant is a covered entity under the ADA because it was and is an employer engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

23.    At all times material hereto, Plaintiff was a qualified person with a disability because he was an employee with a physical impairment that substantially

6

limited one or more major life activities, who could nevertheless perform the essential functions of his job with or without reasonable accommodations.

24.    Defendant discriminated against Plaintiff in violation of the ADA on the basis of handicap because it failed to accommodate his handicap, or even attempt the required "interactive process" with him to discuss accommodation, and terminated him because of his disability.

25.    Additionally, the violations of the ADA by Defendant against Plaintiff were done with malice or with reckless indifference to Plaintiff's federally protected rights.

26.    To remedy Defendant's violations of the ADA, Plaintiff is entitled to the same remedies available to a victim of a violation of Title VII, namely, a declaration that Defendant violated the ADA; reinstatement to his employment and/or front pay; back pay with interest thereon at the prevailing rate; the reasonable value of all benefits lost, with interest thereon at prevailing rates; compensatory damages; punitive damages; costs and reasonable attorney's fees.

## COUNT II
### WORKER'S COMPENSATION RETALIATION

27.    Plaintiff incorporates and realleges paragraphs 1-18.

28.    This is an action against Defendant for retaliation under §440.205, Florida Statutes.  At all times material hereto, Defendant was subject to Chapter 440, Florida Statutes.

29.   Plaintiff was employed with Defendant when he was injured while operating in the course and scope of his employment duties. Plaintiff sought and/or attempted to file for compensation and/or benefits including, but not limited to, medical care through Defendant's workers' compensation insurance and was retaliated against for attempting to make a claim under the Workers' Compensation Law.

30.   Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from discharging, threatening to discharge, intimidating, or coercing any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

31.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages.  These damages have occurred in the past and are permanent and continuing.

## COUNT III
## RETALIATION

32.   Plaintiff incorporates and realleges paragraphs 1-18.

33.     This is an action by Plaintiff against Defendant for unlawful employment retaliation pursuant to Chapter 760, Florida Statutes, after Plaintiff opposed and reported unlawful employment practices affecting him as more fully described herein.

34.     The foregoing unlawful actions by Defendant were purposeful.

35.     Plaintiff opposed and reported unlawful employment practices during his employment with Defendant, and he was the victim of retaliation thereafter as stated above. The events set forth herein led, at least in part, to Plaintiff employment termination.

36.     Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

37.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages.  These damages have occurred in the past and are permanent and continuing.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

a)      That this Court cause proper process to issue, requiring Defendant to answer this Complaint;

b)      That this Court empanel a jury to try all issues so triable;

c)      That this Court enter judgment in favor of the Plaintiff against the Defendant;

d)      That this Court award Plaintiff declarative, injunctive, economic damages, liquidated damages, compensatory damages, punitive damages, costs and reasonable attorneys' fees; and

e)      That this Court award such other, further relief to which Plaintiff may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in all issues herein that are so triable.

Dated this 8th day of November, 2023.

Respectfully submitted,

/s/ *Ryan P. Molaghan*
Ryan P. Molaghan, Esq.
Florida Bar No. 119780
**BROOKS, LEBOEUF, FOSTER, &
    GWARTNEY, P.A.**
909 East Park Avenue
Tallahassee, Florida 32301
(850) 222-2000/(850) 222-9757 (fax)

10

ryanm@toomuchatstake.com
meredith@toomuchatstake.com

*Attorneys for Plaintiff*

11